## KANE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1938.

Maass & Davidson, of New York City (Herbert H. Maass and David J. Levy, both of New York City, and Andrew B. Trudgian, of Washington, D. C., of counsel), for petitioner Helen W. Kane.

James W. Morris, Asst. Atty. Gen., Sewall Key and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Richard Delafield, Asst. U. S. Atty., of New York City, for respondent.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The petitioner was formerly the widow of Louis Heilbroner. She married again after his death and is now known as Helen W. Kane. In making up her report for income tax for the year 1930 she deducted the sum of $1,783.13 from her gross income. The deduction embraced the sum of $583.13 paid a trust company for commissions charged by it in collecting her income during that year, and $1,200 charged for office rent and the services of Miss Quinn, who acted as her bookkeeper. The deductions were claimed under Section 23(a) of the Revenue Act of 1928, 26 U.S.C.A. § 23(a) which provided that there shall be allowed as deductions: "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *." The deductions were disallowed by the Commissioner in a deficiency letter of March 1, 1933, in which he said that the taxpayer was "not engaged in business. The expenses in question are held to be personal."

Section 24(a) of the Act of 1928, 26 U.S.C.A. § 24(a) contains the following provisions as to "Items not deductible":

"(a) *General rule*. In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living or family expenses; * * *."

On petition to the Board of Tax Appeals the Commissioner was affirmed in an opinion by Mr. Sternhagen. Three members dissented in an opinion by Mr. Smith. The present proceeding was brought by the taxpayer to review the decision of the Board.

In the statement of the evidence it appeared that Louis M. Weiller, the taxpayer's brother, had been associated in business with Louis Heilbroner, her former husband, prior to the latter's death, and that the taxpayer had had no personal experience in business. It also appeared that she inherited from Louis Heilbroner a substantial estate consisting of bonds, stocks and mortgages and consulted her brother in connection with the handling of it. Mr. Weiller testified that:

"During 1930 I changed investments continually, substituting and changing, and reinvesting the income.

"In connection with the handling of these affairs I made no charge for my services. I charged petitioner a portion of the expenses incurred by me in the conduct of my office, by way of office rent and the services of a secretary or bookkeeper, Miss Quinn, who had been employed by Weber & Heilbroner, and whom I took with me upon my retirement from that business. The services of this secretary or bookkeeper were keeping books, making entries, checking income and advising me as to the status of securities which she followed up. I hadn't time to do that myself."

The amount Mr. Weiller charged the taxpayer for rent and the service of the secretary-bookkeeper was $1,200. It also appeared that he and the taxpayer made arrangements with a trust company to act as custodian and to collect the income from various securities, belonging to her and that they agreed to pay a percentage upon the income collections as compensation. For these services the custodian was paid $583.13 in 1930. Mr. Weiller testified that he had work performed in the office for himself similar to that which Miss Quinn performed for his sister. He said that the latter "entered the petitioner's income, collected it, paid her bills, made out her checks for her personal bills each month, and attended to the various little things pertain-

ing to that kind of work." He added that Miss Quinn never performed any social duties for petitioner, but that she acted partly as a secretary.

In the prevailing opinion of the Board it was said that the taxpayer "merely received income from investments, and this is not a trade or business." While we do not say that the taxpayer might not carry on a business through an agent, it was not shown here that enough was done either by the taxpayer or her agents to constitute the carrying on of a business. To be sure, Mr. Weiller testified that he "changed investments continually, substituting and changing, and reinvesting the income", but it is not apparent from that statement to what extent there was activity in buying or selling securities or how far the taxpayer was other than a passive recipient of income or a mere investor either in her own capacity or through her agent. We think it would not be enough to secure or to attempt to secure income or capital stability by conversions of bonds into stock or vice versa, or by otherwise safeguarding the taxpayer's investments. To do "only what is necessary from an investment point of view" was said by the Circuit Court of Appeals of the First Circuit to be insufficient to amount to engaging in business. Foss v. Commissioner, 75 F.2d 326, 328. We are not persuaded that the taxpayer was engaged directly or indirectly in carrying on a business. City Bank Farmers' Trust Co. v. Schnader, 293 U.S. 112, 116, 55 S.Ct. 29, 79 L.Ed. 228; Van Wart v. Commissioner, 293 U.S. 537, 55 S.Ct. 77, 79 L.Ed. 643; Lindley v. Commissioner, 2 Cir., 63 F.2d 807, 808. The activities of the taxpayer's brother as to her investments and the employment for personal convenience of a bookkeeper to record financial transactions, or of a bank to cut and collect coupons, did not, in our opinion, amount to the carrying on of a business. If so, every owner of property can obtain an income tax deduction of whatever sums he may expend to save the trouble of personal attention to his affairs. Lloyd v. Commissioner, 7 Cir., 55 F.2d 842. There is no reason to suppose that the employment of a bookkeeper to keep accounts, or of a bank to make income collections, is more than a personal, as opposed to a business, expense.

The further question is involved as to whether the amounts received by the taxpayer from certain life insurance companies constituted a part of her taxable income for the year 1930. The applicable principles

have been discussed by us in our opinion in United States of America v. Helen W. Heilbroner, 2 Cir., 100 F.2d 379, filed herewith, which dealt with such income of the same taxpayer for the year 1931. We accordingly hold that the insurance payments received by the taxpayer in the year 1930 were taxable income.

Order affirmed.