*Decision will be entered under Rule 50.*

EUGENE HIGGINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 80052, 85961.   Promulgated May 24, 1939.

*Orwill V. W. Hawkins, Esq.*, and *Harry H. Wiggins, Esq.*, for the petitioner.

*C. P. Reilly, Esq.*, for the respondent.

**OPINION.**

DISNEY: Petitioner contends that the burden of proof is upon the respondent upon the ground that respondent, by calculating allow-

able deductions upon the proportion of tax-exempt income to gross income, and by reference to tax-exempt income as not giving rise to deductions, had taken the position of allowing the entire deductions as being paid or incurred in trade or business, but of then disallowing them in part upon the theory, not now pressed, that tax-exempt income may not give rise to business deductions. In the deficiency letter for 1933 (though not in that for 1932), the Commissioner stated that petitioner was not engaged in trade or business within the meaning of section 23 (a) of the act (quoting the section); petitioner affirmatively alleged error of the respondent, "particularly by disallowing deductions * * * to the extent of * * * a part of the expenses paid by petitioner for legal and office expenses * * * in the conduct of his business." Respondent does not seek increased deficiency, but, on the contrary, seeks to disallow as deductions less than the amount disallowed in deficiency notices, and did not ask affirmative relief. The stipulations of fact, contrary to petitioner's argument on brief, state that respondent disallowed certain amounts of petitioner's claim for deduction of ordinary and necessary expense. Under these circumstances, it may well be doubted whether the burden of proof shifted to respondent, but we find it unnecessary to decide that question. We assume, without deciding, that the burden of proof was upon respondent, and base our opinion upon the facts adduced and the law applicable.

Respondent admits that the real estate activities of petitioner from his New York office constituted trade or business. The question before us, whether activity in investments constitutes trade or business within section 23 (a) of the Revenue Act of 1932, has been variously answered under various circumstances, and of course is to be viewed in the light of the facts involved in each proceeding. Both petitioner and respondent cite cases which tend to support their respective contentions. We shall not attempt to review in detail all of the various situations involved in those cases. Petitioner most particularly, perhaps, points out our decision in *Caroline T. Kissel*, 15 B. T. A. 1270; *Cornelia W. Roebling*, 37 B. T. A. 82; and *Kales v. Commissioner*, 101 Fed. (2d) 35, reversing *Alice G. Kales*, 34 B. T. A. 1046. Reliance is placed also upon *Austin D. Barney et al., Executors*, 36 B. T. A. 446. Respondent, on the other hand, relies heavily upon *Kane* v. *Commissioner*, 100 Fed. (2d) 382, affirming *Helen W. Heilbroner*, 34 B. T. A. 1200; *Foss* v. *Commissioner*, 75 Fed. (2d) 326, and other cases.

In *Washburn* v. *Commissioner*, 51 Fed. (2d) 949, it was said:

* * * A party may have investments in corporate stock, have no particular occupation, and live on the return of his investments. That would not

constitute business under the statute in question. He may, however, take such an active part in the management of the enterprise in which he has investments as to amount to the carrying on of a business. * * *

In *Foss* v. *Commissioner, supra*, a rule is laid down as follows:

* * * A person of property, who devotes his time to the active management of it and also to active participation in the management of the companies in which his property is invested, and who maintains an office for that purpose where he spends a substantial part of his time, is carrying on business within the meaning of this statute. * * * The line comes between those who take the position of passive investors, doing only what is necessary from an investment point of view, and those who associate themselves actively in the enterprises in which they are financially interested and devote a substantial part of their time to that work as a matter of business. The maintenance of an office for this purpose, though not conclusive, is significant. * * *

The mere fact that investments produce income is not decisive. *Monell* v. *Helvering*, 70 Fed. (2d) 631, states:

* * * If we were to agree with the argument of the petitioner's counsel that the real test of deductibility is whether the expense was an ordinary and necessary one in obtaining income, we would take what might be supported as a fair one. If Congress had intended to allow deductions on that basis, however, it would have been too simple and easy to have said so to make it reasonable to believe that such was intended by the language which plainly limited expenses deductible to those incurred ordinarily and necessarily in carrying on a trade or business. * * *

We must therefore decide petitioner's position as to whether he was "doing only what is necessary from an investment point of view", or whether, on the contrary, he was among "those who associate themselves actively in the enterprises in which they are financially interested and devote a substantial part of their time to that work as a matter of business." Weighing the petitioner in these balances, we find that the petitioner has not been in the United States since 1921, and a fair interpretation of the following testimony seems to remove petitioner from the company of those who participate actively in the management or control of investments. We quote:

Q. Does Mr. Higgins devote any time to the business of the corporations in which he owns stocks or is he merely an investor in those stocks?

A. In the early days he was on the Board of Managers of the Delaware, Lackawanna and Western Railroad Company.

Q. I am speaking now of the years 1932 and 1933.

A. He was not in the country in 1931, 1932 or 1933. The last time he was here was 1921.

Q. Then would your answer be that he did not devote any time to the business of the corporations in which he owned stock?

A. May I ask a question? Do you mean to imply he didn't watch any financial statements of the company?

Q. No, in the affairs of the corporation itself—

A. That he was right present?

Q. Taking an active part in the affairs or was he merely an investor in the stock?

A. Oh, he was an investor in the stock then.

Q. In other words, would you say that the extent of Mr. Higgins' activities in the corporate enterprises in which his money is invested is to receive reports and keep track of the dividends and interest he receives?

A. Yes.

In *Bedell* v. *Commissioner*, 30 Fed. (2d) 622, it is said: "Most men who have capital change their investments, and may speculate all the time; we should hardly call this a business, though the line is undoubtedly hard to draw." Therein, as herein, the fact of real estate business was relied upon as proof that there was a single business, including real estate, negotiable securities, etc., and that therefore the party was in business as to the securities. That interpretation of the statute was rejected. It is true that the statute there considered was section 204 (a) of the Revenue Act of 1918 as to "business regularly carried on", yet the emphasis is placed by the court not upon the lack of regularity, but upon the lack of essential business nature of the transactions.

In *Kane* v. *Commissioner*, *supra*, we were affirmed in holding that a taxpayer deriving income from investments and securities is not entitled to deductions as business expenses, office rent, services of a bookkeeper, and fees as custodian and for collection of income, charged by a trust company. The same elements, in effect, enter into this proceeding, for the petitioner here desires to deduct rent and salaries of bookkeeper and other employees, and purchased his securities through a trust company. The court was of the opinion that in order to secure business deductions it would not be enough "to secure or attempt to secure income or capital stability by conversions of bonds into stock or vice versa, or by otherwise safeguarding the taxpayer's investments", and, after referring to *Foss* v. *Commissioner*, *supra*, to the effect that to do only what is necessary from an investment point of view is insufficient to amount to engaging in business, states:

* * * The activities of the taxpayer's brother as to her investments and the employment for personal convenience of a bookkeeper to record financial transactions, or of a bank to cut and collect coupons, did not, in our opinion, amount to the carrying on of a business. If so, every owner of property can obtain an income tax deduction of whatever sums he may expend to save the trouble of personal attention to his affairs. *Lloyd* v. *Commissioner*, 55 F. (2d) 842. (C. C. A. 7). There is no reason to suppose that the employment of a bookkeeper to keep accounts, or of a bank to make income collections, is more than a personal, as opposed to a business, expense.

Nothing further appears in the instant proceeding. The petitioner, as in *Kane* v. *Commissioner*, *supra*, employed others, largely to carry on his real estate business, as to which deductions are admitted by the respondent as allowable, and in a lesser degree simply to "keep

accounts", to receive for deposit, keep records of, and report to him upon investments which he made from a foreign country through the United States Trust Co. of New York, in securities obviously selected for their attributes as investments and not primarily from the angle of profit and loss in dealing actively therein. There was no contention that he was a dealer in securities. To allow the deductions claimed in the present proceeding and to disallow them as was done in *Kane* v. *Commissioner, supra,* would be to make a distinction between the small investor and one investing like the petitioner upon a very large scale, for the nature of the expenses disallowed by the Commissioner obviously is the same in both cases. We can not make distinction merely because of the extent of investments or of expenses commensurate therewith.

Considering this proceeding upon the facts involved, different as it is in many respects from cases cited by both petitioner and respondent, we conclude that the activities of the petitioner did not constitute the carrying on of a trade or business within the purview of section 23 (a) of the Revenue Act of 1932. We hold therefore that the petitioner is not entitled to deduct expense incurred on account of investments in securities, stocks, and bonds. We do not think that those cases wherein expenses have been allowed are on their facts determinative of the situation herein involved.

Petitioner contends that to disallow deduction of expenses incurred as to tax-exempt securities would be unconstitutional. We merely point out that he also relies upon *John H. Watson, Jr., et al., Trustees,* 35 B. T. A. 706, to demonstrate that there is no distinction between tax-exempt and other securities as to deduction of business expenses. We think there is none, and therefore no violation of constitutional principles in disallowance of deduction of expenses on a common basis as to both tax-exempt and nonexempt securities.

Respondent argues particularly that, as to the expenses of petitioner's office in Paris, the maintenance of an office there was unnecessary and personal to the petitioner, and therefore the expense connected therewith was not deductible. We are not willing to say that one conducting a business may not set up additional office facilities, and incur additional expense, when residing elsewhere than at the place of his principal business. We think it is within taxpayer's discretion as to what offices he maintains. The Paris office was a mere adjunct to that maintained in New York, and the division of effort and expense between investments and real estate business is logically upon the same basis. We therefore, considering the expense thereof ordinary and necessary business expense, allow deduction thereof upon the same basis as that of the New York office.

It seems necessary, in order definitely to dispose of this matter, to itemize the various deductions claimed, as treated by us in accordance

with our conclusions above expressed: Of salary claims, since the evidence indicates that two-thirds of the office time and effort was devoted to real estate, we allow as deductions two-thirds of all salaries of the New York office, except that of Martin J. Dietz, all of whose time was devoted to real estate, and deduction of whose full salary is therefore approved. The Paris office being merely ancillary to that in New York, and logically upon the same basis, two-thirds of the salary of D. P. Cousteau is allowed as deduction. The strictly office expense in New York, denominated rent, stationery, radiograms, postage, petty cash, newspapers, and miscellaneous, are allowed as deductions to the extent of two-thirds thereof. As to legal expenses: For the year 1932, the item of $3,000, and disbursements of $189.02 in connection therewith arose from investment matters, and deduction is therefore disallowed. The items of $12,000 and disbursements of $100.69 connected therewith (and of $13,000 and $692.30 connected disbursements for 1933) are for business matters, as admitted by respondent, and deductions are therefore allowed. The item of $1,000 and $11.50 disbursements in connection therewith, arose from Federal and state income tax returns, and, in accord with our conclusion as to division between investment matters and real estate business, two-thirds thereof is allowed as deduction. The $1,500 item is agreed to be for advice as to investment in stocks and is disallowed under our conclusions above. The item of $2,500 for services with $113.03 disbursements, for the year 1932, and of $1,000 with $127.75 disbursements for the year 1933, are stipulated to be personal matters, and deduction thereof is therefore disallowed. The item of $2,500 with $10 disbursements connected therewith, for 1933, is shown to have arisen from real estate matters, condemnation of New York real estate, as to $2,000 thereof, and $2,000 is therefore allowed in full as a deduction; the remaining $500 being allowed as a deduction as to two-thirds thereof, the same appearing to be for income tax matters in general. Deduction of the item of $1,000 for advice as to investments is disallowed. As to the Paris office expense, two-thirds thereof is allowed as deduction, and the item of $600 for depreciation is allowed in full for each year, under section 23 (k) of the Revenue Act as property used in trade or business. It was so used. There seems no contention as to these Paris office items, except as to whether they are ordinary and necessary expense of trade or business. An erroneous overstatement of deduction in the amount of $969.21 is stipulated, as is a refund of $26.14, and respondent does not oppose an item of $90.71 for depreciation on the New York office furniture. These items will therefore be reflected accordingly in the deficiency.

*Decision will be entered under Rule 50.*