## HIGGINS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 223.

Circuit Court of Appeals, Second Circuit.

May 6, 1940.

Duer, Strong & Whitehead, of New York City (Orwill V. W. Hawkins, of New York City, of counsel), for petitioner.

Samuel O. Clark, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The point presented is whether the petitioner was entitled to deduct, for purposes of income tax, expenses incurred in caring for his investments in securities. He claims that the expenses were a proper deduction as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," within the meaning of section 23(a) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts page 489. The Board held that the deduction was not allowable.

The facts were found in detail by the Board. They come down to this: the petitioner has a fortune of $35,000,000 or more, part of it in real estate and part in stocks and bonds; he is not engaged in any business, unless the management of his fortune be deemed a business; he maintains an office in New York where several persons in his hire devote their time to supervision of the real estate and to collection of income from real estate and securities, and he also has an office in Paris, where he lives; he gives personal attention to his investments; in the years in question, 1932 and 1933, he did very little in the way of changing investments, making no sales and purchasing only four lots of tax-exempt bonds. In 1932 he paid $76,000 for salaries, rent and other expenses incident to running the offices, and in 1933 he paid $74,000 for similar items. In his income tax returns he claimed a deduction of these amounts from gross income, on the ground that they were expenses in carrying on a business and therefore deductible under section 23(a). The commissioner conceded before the Board that the part allocable to management of the real estate was a proper deduction. The Board found that somewhat more than two-thirds of the expenses were allocable to real estate. No complaint is made as to the allocation. The Board held that the petitioner was not carrying on business in respect to his investments in stocks and bonds and therefore disallowed deduction of that part of the expenses incurred in connection with the management of investments in stocks and bonds. A tax deficiency for each year was determined accordingly.

The statute allows deduction of "the ordinary and necessary expenses paid * * in carrying on any trade or business." In determining what Congress meant by the phrase "carrying on any trade or business", we take the words in their popular or received import. Maillard v. Lawrence, 16 How. 251, 261, 14 L.Ed. 925. By the common speech of men, a person who does nothing beyond looking after his own investments and receiving the income from them is not conducting a trade or business. He is generally spoken of as "retired" or "not in business." It is forcing the ordinary meaning of words to say that conserving or enhancing one's estate is carrying on a trade or business. The statute does not say that expenses paid or incurred in any business transaction may be deducted from gross income. It is narrower; it limits the deduction to expenses in carrying on a trade or business. We have no doubt that the attention which the petitioner gave to his investments in stocks and bonds did not amount to carrying on a trade or business, and that expenses paid in caring for such investments were not deductible from gross income. Whether the petitioner's expenses in connection with the management of the real estate were deductible is not before us.

The result we have reached is not to be reconciled with Kales v. Commissioner, 101 F.2d 35, 122 A.L.R. 211, in the Sixth Circuit. It is in line, however, with our decision in Kane v. Commissioner, 100 F.2d 382, and with the holding of the Ninth Circuit in Miller v. Commissioner, 102 F.2d 476. In the Kane case we said: "There is no reason to suppose that the employment of a bookkeeper to keep accounts, or of a bank to make income collections, is more than a personal, as opposed to a business, expense." 100 F.2d at page 383. The result is also in line with the concurring opinion of Mr. Justice Frankfurter in Deputy v. DuPont, 308 U.S. 488, at page 499, 60 S.Ct. 363, 84 L.Ed. ——.

Affirmed.