DAVID C. FITCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fitch v. Commissioner
Docket No. 9268-72.
United States Tax Court
T.C. Memo 1975-36; 1975 Tax Ct. Memo LEXIS 331; 34 T.C.M. (CCH) 233; T.C.M. (RIA) 750036; February 27, 1975, Filed David C. Fitch, pro se. L. William Fishman, for the respondent. *332 FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in income tax for 1965 in the amount of $5,732.75, and an addition to tax in the amount of $1,433.19. The two issues for our decision are first, whether petitioner is entitled to carryback net short-term capital losses from 1966 to 1965; this question is wholly dependent upon whether petitioner was a dealer in securities in 1965 and 1966. Second, whether petitioner is liable for a 25-percent addition to tax under section 6651(a)[1] for failure to sign and timely file his 1965 Federal income tax return. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner David C. Fitch (Fitch) resided in New York, New York, at the time the petition was filed. Petitioner filed his 1965 Federal income tax return on a calendar year basis with the district director of internal revenue, New York, New York. During 1965 and 1966 Fitch occupied his time by buying and selling securities in the public markets solely for his own account. Investing *333 was Fitch's sole income producing activity during 1965, and in that year he received $36,699.72 in net short-term capital gain from sales of securities. In 1966, Fitch's trading resulted in a net short-term capital loss of $92,476.04. On April 15, 1965, Fitch requested an extension of time in which to file his 1965 Federal income tax return. Respondent approved the request, granting an extension until June 15, 1966. By letters dated June 10, 1966, and August 4, 1967, Fitch requested additional extensions of time. However, Fitch did not receive any approval of these requests. On September 1, 1967, Fitch filed an unsigned Form 1040 for 1965. On October 13, 1971, Fitch filed a signed declaration that the Form 1040 which was filed on September 1, 1967, was a true, correct and complete return for 1965 to his best knowledge and belief. Fitch's 1965 return was untimely filed by more than five months. On his 1965 return, Fitch claimed a carryback of his 1966 short-term capital loss equal to his 1965 taxable income of $30,484.95. OPINION Petitioner urges upon us the proposition that he was *334 in the trade or business of buying and selling securities and that he is therefore entitled to carryback his 1966 losses as a net operating loss deduction under section 172. This is a question of fact, and petitioner bears the burden of proof. George R. Kemon,16 T.C. 1026, 1032 (1951); Rule 142, Tax Court Rules of Practice and Procedure.We hold for the respondent. It has been long established that no amount of personal investment management ever constitutes a business. Higgins v. Commissioner,312 U.S. 212 (1941), affirming 111 F. 2d 795 (C.A. 2, 1940), affirming 39 B.T.A. 1005 (1939). Petitioner traded securities in 1965 and 1966 solely for his own account and can in no wise be considered a dealer. George R. Kemon,supra;Harry M. Adnee,41 T.C. 40 (1963). Therefore, his losses in 1966 were capital losses not eligible for carryback. Secs. 1221, 1222(2) and (6), 1212(b). See also Mirro-Dynamics Corp. v. United States,374 F. 2d 14 (C.A. 9, 1967); Francis C. Currie,53 T.C. 185 (1969). *335 The second issue before us is whether the addition to tax determined by respondent under section 6651(a) was proper. The record shows that petitioner's 1965 Form 1040 did not qualify as a return when filed because it was unsigned. Sec. 6061; Lucas v. Pilliod Lumber Co.,281 U.S. 245 (1930)Roy Dixon,28 T.C. 338 (1957). We will not impute petitioner's signature on the accompanying cover letter to the Form 1040; the defect was cured when petitioner signed a declaration that the Form 1040 was a true, correct and complete return to his best knowledge and belief on October 13, 1971. Peter Vaira,52 T.C. 986 (1969), reversed on other grounds 444 F. 2d 770 (C.A. 3, 1971). Unless petitioner can show that his failure to make and file a timely return was due to reasonable cause and not due to willful neglect, we must hold for respondent. Sec. 6651(a); Leo Sanders,21 T.C. 1012 (1954); C. Fink Fischer,50 T.C. 164, 177 (1968). Petitioner has not overcome the presumptive correctness of respondent's *336 determination. Rule 142, Tax Court Rules of Practice and Procedure.
Petitioner posits two excuses for his untimely filing. First, he points to the two additional requests for extensions of time in which to file and, in essence, he argues that taxpayers should be able to presume that an extension has been granted if respondent's reply is not received. This Court has previously enunciated the controlling principle here--a mere request for an extension of time in which to file, standing alone, does not constitute reasonable cause for untimely filing. [2]
*337 Petitioner's second excuse for untimely filing is also without merit. Lack of sufficient funds to pay one's Federal income tax, even when proven, as is not the case here, does not constitute reasonable cause. See Leo Sanders, supra;A. Raymond Jones,25 T.C. 1100, 1106 (1956), reversed in part 259 F. 2d 300 (C.A. 5, 1958). Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.↩
2. Morrison Industries, Inc.,T.C. Memo. 1962-155; William E. Dunn,T.C. Memo. 1963-301; compare Philad Co. of Delaware,47 B.T.A. 565 (1942). Moreover, because section 6081(a)↩ prohibits an extension of time longer than six months, no taxpayer can expect to receive an extension of time beyond the six-month period. Petitioner's 1965 return was not filed until October 13, 1971, more than five years after the June 15, 1966 due date of his return. Although petitioner filed his 1965 Form 1040 on September 1, 1967, we have held that this was not a sufficient return until signed. Even if the filing date of the Form 1040 were the filing date of the return, petitioner would still be liable for the full 25-percent penalty.