M. Bernard Morgan, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued December 5, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, ROGERS, BLATT, DISALLE and CRAIG. Judges WILKINSON, JR. and MACPHAIL did not participate.

M. *Bernard Morgan,* petitioner, for himself.

R. *Scott Shearer,* Deputy Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, May 11, 1979:

This is a personal income tax appeal from a decision of the Board of Finance and Revenue (Board). The principal issue before us is whether the buying and selling of stocks and bonds by an individual for his personal pecuniary benefit constitutes "operation of a business, profession, or other activity" within the meaning of Section 303(a)(2) of the Tax Reform Code of 1971 (Code),[1] 72 P.S. §7303(a)(2). The facts of this case have been stipulated.

Prior to his retirement in November, 1969 at age 65, petitioner was employed by the FMC, Corp. as Chief Engineer-Fiber Operations. Not uncharacteristically, petitioner's retirement did not signal the extinguishment of his pecuniary pursuits for, acting as an individual, he buys, holds and sells securities with the explicit intent of making profits for his personal purposes. Petitioner does not have a license from state or federal securities commissions to engage in

---

[1] Act of March 4, 1971, P.L. 6, *as amended,* added by Section 4 of the Act of August 31, 1971, P.L. 362, *as amended.*

the purchase or sale of securities for the accounts of others, nor has he been so engaged. Petitioner has not acted in the capacity of an investment advisor, nor has he represented himself as such. Petitioner's activity can perhaps best be described as personal money management for profit.

On his Pennsylvania personal income tax return for calendar year 1972, petitioner entered $2320 on line 1 as "Compensation"; $0 on line 2 as "Net Profits from Business, Professional or Farm"; $8422 on line 3 as "Dividends"; $3827 on line 4 as "Interest"; $12,249 on line 5 (Total of lines 3 and 4); $264 on line 6 as "Sale or Exchange of Property"; and that same figure, $264, on line 10 (Total of lines 6, 7, 8 and 9). Then, on line 11, which is "Pennsylvania Taxable Income" produced by addition of lines 1, 2, 5 and 10, petitioner, rather than entering the sum of $14,833, entered the figure $13,312, and made the following notations: "14833-1521 * REDUCED BY $1521 COST OF 'OTHER ACTIVITY' TO PRODUCE TAXABLE INCOME. SEE SCH. C."

On Schedule C, entitled "Profit (or Loss) from Business or Profession," petitioner entered the figure $1520.76 on line 24, "Other business expenses," and noted: "THIS COST HAS BEEN USED TO ARRIVE AT 'NET PROFITS . . . IN ACCORDANCE WITH ACCEPTED ACCOUNTING PRINCIPLES AND PRACTICES'. I CAN FIND NO OTHER PLACE TO SHOW IT."[2] (Emphasis in original.)

---

[2] Petitioner subsequently filed an amended 1972 personal income tax return, wherein he entered $10,728 on Line 2 as "Net Profits from Business, Profession, or Farm" with the following notation: "8422 (DIV.) + 3827 (INT.) - 1521 (EXP.)." On his amended return at line 3 ("Dividends") and line 4 ("Interest"), petitioner entered no dollar figure, but noted on each line: "INCL. ON LINE 2". Thus, both petitioner's original return and his amended return raise the same legal issue of the deductibility of expenses incurred in generating income through dividends and interest.

On Schedule C-1, "Explanation of Lines 6, 12, 14, and 24," petitioner lists $1155.30 and $278.46 as having been paid to "NML Ins. Co." and "Reynolds Securities," respectively, and $12, $70 and $5 as expended for a safe deposit box, business publications and sundry supplies, respectively. Petitioner offers the following explanation therefor: "INTEREST PAID FOR FUNDS USED FOR PURCHASE OF SECURITIES AND OTHER EXPENSES DIRECTLY RELATED TO PRODUCTION OF INCOME."

After the Personal Income Tax Bureau disallowed the above described expense deductions, petitioner paid the balance of tax due. Petitioner then appealed to the Board, which refused his petition for refund. We affirm the Board.

Petitioner's principal argument is that his personal money management activities fall within the purview of Section 303(a)(2) of the Code, thereby permitting him to deduct costs and expenses, here interest on money borrowed for investment purposes and expenses such as business publications, from income produced. Section 303(a)(2) of the Code provides:

> (2) Net profits. The net income from *the operation of a business, profession, or other activity,* after provision for all costs and expenses incurred in the conduct thereof, determined either on a cash or accrual basis in accordance with accepted accounting principles and practices but without deduction of taxes based on income. (Emphasis added.)

The Commonwealth argues that petitioner's activity is not "a business, profession, or other activity" within the meaning of the above section, and that, therefore, petitioner should have reported the income derived from dividends and interest under Sections 303 (a)(5) and 303(a)(6) of the Code, 72 P.S. §7303(a) (5), (6).

The terms "profession" and "other activity" are not defined in Article III of the Code, but the term "business" is. Section 301(c) of the Code, 72 P.S. §7301(c), defines "business" as

an enterprise, *activity, profession,* vocation, trade, joint venture, commerce or any other undertaking of any nature *when engaged in as commercial enterprise* and conducted for profit or ordinarily conducted for profit, whether by an individual, partnership, association or other unincorporated entity. (Emphasis added.)

Thus, the legislature's definition of "business" envelops the terms "profession" and "activity." Indeed, given the scope of the definition of "business" contained in Section 301(c), the use of the terms "profession" and "other activity" in Section 303(a)(2) would almost appear tautological. We are of the opinion that, at the very least, Section 301(c) and Section 303(a)(2) of the Code are in pari materia and we shall, therefore, construe these two sections together. 1 Pa. C.S. §1932.

Reading the provisions of Section 301(c) together with the provisions of Section 303(a)(2), we conclude and hold that the legislature intended that the "business, profession, or other activity" of Section 303(a)(2), must be "engaged in as commercial enterprise" in order for the income derived therefrom to be taxable under Section 303(a)(2). Since the term "commercial enterprise" is not defined in the Code, we must, pursuant to 1 Pa. C.S. §1903, construe that term according to its common and approved usage. Without engaging in a lengthy discussion as to the common and approved usage of the term "commercial enterprise,"[3] its sine qua non is, as ably pointed out

---

[3] For definitions of the words "commerce" and "commercial" *see, e.g., Black's Law Dictionary* 336, 337 (rev. 4th ed. 1968) and

in the Commonwealth's brief, the rendering of goods or services to others in a market place. Since petitioner's activity of personal money management cannot be viewed as a rendering of services to anyone but himself, his activity is clearly not a commercial enterprise.

Moreover, our adoption of petitioner's interpretation of Section 303(a)(2) would require us to ignore several principles of statutory construction. 1 Pa. C.S. §1921(a) requires that a statute be construed, if possible, to give effect to all its provisions, and 1 Pa. C.S. §1922(2) indicates that in ascertaining legislative intent, a court may presume that the General Assembly intends an entire statute to be effective. Under petitioner's reading of Section 303(a)(2), Sections 303(a)(5) and 303(a)(6) of the Code would be rendered virtually meaningless as any average investor, upon the decision that he, too, was engaged in the activity of personal money management, could choose to report income from dividends and interest under Section 303(a)(2) and deduct expenses and costs.

A second issue seems to be advanced by petitioner, though not specifically stated. Petitioner appears to contend that even if his income from dividends and interest is properly reportable under Sections 303(a)(5) and 303(a)(6), he may nevertheless deduct his expenses and costs. We reject this contention. Of the eight classes of income enumerated in Section 303(a), four are expressly "net" taxable, subsections (2), (3), (4) and (8). Had the legislative intent been to make income from dividends and interest, subsections (5) and (6), "net" taxable, certainly the Gen-

*Webster's Third New International Dictionary* 456 (1966). For discussion of the term "commercial enterprise" *see YMCA of Pittsburgh Appeal*, 4 Pa. D. & C. 2d 186 (1954), *aff'd per curiam*, 383 Pa. 176, 117 A.2d 743 (1955).

eral Assembly could have so provided in equally express terms.

Judge CRUMLISH, JR. concurs in the result only.

## ORDER

Now, May 11, 1979, the order of the Board of Finance and Revenue in denying petitioner's petition for refund is hereby affirmed. The parties having stipulated that in the event the Court finds in favor of the Commonwealth petitioner is entitled to a refund because of overpayment of the amount in dispute, the Commonwealth is directed to refund to petitioner the difference between the amount in dispute ($335.09), plus appropriate interest, and the amount of the petitioner's total payments ($368.80).