RIMM, J. T. C.
This is a matter under N.J.S.A. 54A:1-1 et seq., the New Jersey Gross Income Tax Act, in which taxpayers seek to set aside an assessment made by defendant in the amount of $496.12 for the tax year 1977. In addition, there was a penalty of $24.81 and interest in the amount of $105.17.
*109 The dispute between the parties involves the deductibility of interest expense incurred by taxpayers in connection with a margin account they maintained during the tax year for the purchase of securities. Taxpayers urge two arguments for deductibility of such interest expense: (1) the purchase and sale of securities by them for their own personal pecuniary benefit constitutes a trade or business in accordance with N.J.S.A. 54A:5-l(b), and interest expense incurred in connection with the purchase of such securities is a business expense properly deductible by them from their income, or (2) in the alternative, the interest expense incurred by them in connection with their margin account is properly deductible from their investment income consisting of dividend income and interest income.
Defendant contends that the activities engaged in by taxpayers of purchasing securities for their own account did not constitute a trade or business under the Gross Income Tax Act, and, since the income tax is a gross income tax, only those deductions specified in the statute are permissible. He argues that since the statute does not permit deduction of interest expense in connection with investment income, such expense is not deductible.
Plaintiffs filed their 1977 New Jersey Gross Income Tax Return showing wages of $37,644 and other income of $36,222. In calculating their other income, plaintiffs listed various receipts, including interest, dividends and capital gains. From such receipts plaintiffs then made various deductions, including margin account interest, interest on a line of credit, bond interest and real estate expenses and depreciation. Defendant adjusted the taxpayers’ income by disallowing all the deductions made by them in calculating their other income. Prior to hearing, the parties settled their differences except for margin account interest.
After the matter was scheduled for trial defendant filed and served a motion for summary judgment returnable on the trial date. In response to defendant’s motion, plaintiffs submitted a letter in opposition to the motion, setting forth various facts and *110 presenting legal argument. On the return day of the motion plaintiff husband recited certain facts in open court which he was permitted to do in lieu of an affidavit in opposition to the motion of defendant. The facts recited were stipulated to by defendant, and the matter may be disposed of on the motion without taking further testimony.
The stipulated facts disclose that plaintiffs purchased securities and financed 50% of the purchase price with margin loans. Plaintiff husband is in the Air National Guard on active duty as commander of the 177th Fighter Intercepter Group of the New Jersey Air National Guard. For the tax year in question his unit had an operational five-minute alert commitment at the National Aviation Facilities Experimental Center in Pomona, New Jersey, to which air station the group was assigned. Plaintiff husband contends that he is engaged in more than one business: he has his position as group commander and he is in the securities business.
The New Jersey Gross Income Tax Act, N.J.S.A. 54A:1-1 et seq., is a broad-based, personal income tax applicable to income of resident and nonresident individuals, estates and trusts. Gross income under the statute, so far as pertinent to the matter presently before the court, includes salaries and wages, net profits from business, net gains from disposition of property, interest and dividends. N.J.S.A. 54A:5-l(a), (b), (c), (e) and (f). Deductions from gross income to arrive at taxable income are allowed for personal exemptions, school age dependents, alimony and separate maintenance payments and medical expenses. N.J. S.A. 54A:3-1, 1.1, 2 and 3. Income of certain types is excludable, such as interest on certain obligations. N.J.S.A. 54A:6-14. The nature of the tax on gross income, as defined, is further emphasized by the provision on losses which specifically provides that “a net loss in one category of gross income may not be applied against gross income in another category of gross income.” NJ.S.AM A:5-2.
The first issue is whether taxpayers’ activities constituted the “operation of a business, profession, or other activity” under *111 N.J.S.A. 54A:5-T(b), so that only net income from security transactions, i.e., after deduction of margin interest, was taxable.
In Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783 (1941), reh. den. 312 U.S. 714, 61 S.Ct. 728, 85 L.Ed. 145 (1941), the Supreme Court concluded that the management of one’s investments does not constitute the carrying on of a trade or business. Higgins had “extensive investments in real estate, bonds and stocks, devoted a considerable portion of his time to the oversight of his interests and hired others to assist him in offices rented for that purpose.” Id. at 213, 61 S.Ct. at 476. He claimed a deduction for salaries and other expenses associated with the management of his investments as expenses incurred in carrying on a trade or business.[1] The Board of Tax Appeals, the United States Court of Appeals for the Second Circuit, and finally, the United States Supreme Court, all concluded that the expenses incurred by Higgins in managing his investments were not deductible as trade or business expenses.[2] In each case the court concluded that Higgins was not in business. The Supreme Court said:
The petitioner merely kept records and collected interest and dividends from his securities, through managerial attention for his investments. No matter how large the estate or how continuous or extended the work required may be, such facts are not sufficient as a matter of law to permit the courts to reverse the decision of the Board, [at 218, 61 S.Ct. at 478]
The Second Circuit reasoned:
By the common speech of men, a person who does nothing beyond looking after his own investments and receiving the income from them is not conducting a trade or business. He is generally si»ken of as “retired” or “not in business.”
*112 It is forcing the ordinary meaning of words to say that conserving or enhancing one’s estate is carrying on a trade or business. [Higgins v. Commissioner, 111 F. 2d 795-796 (2 Cir. 1940)]
The federal courts have consistently maintained the distinction between engaging in a trade or business and investing. Thus, in Whipple v. Commissioner, 373 U.S. 193, 83 S.Ct. 1168,10 L.Ed.2d 288 (1963), reh. den. 374 U.S. 858, 83 S.Ct. 1863, 10 L.Ed. 2d 1082 (1963), the court concluded that a taxpayer who held the controlling interest in several corporations and incurred a bad debt loss on loans he had made to certain of the corporations was entitled to only a nonbusiness bad debt deduction (treated as a short-term capital loss) rather than a business bad debt (deductible in full against ordinary income). The court said:
When the only return is that of an investor, the taxpayer has not satisfied his burden of demonstrating that he is engaged in a trade or business since investing is not a trade or business and the return to the taxpayer, though substantially the product of his services, legally arises not from his own trade or business but from that of the corporation, [at 202, 83 S.Ct. at 1174]
Similarly, in Purvis v. Commissioner, 530 F.2d 1332 (9 Cir. 1976), the Court of Appeals affirmed the United States Tax Court’s determination that a taxpayer who managed his investments and made numerous trades was not engaged in a trade or business and was therefore not entitled to carry over a net operating loss under § 172 of the 1954 Internal Revenue Code.
The rationale of the Higgins line of cases applies here. Management of one’s own investments is investing and not the operation of a trade, business, profession or other activity under N.J.S.A. 54A:5-1 permitting deductions for costs and expenses incurred in its conduct.
The Pennsylvania personal income tax, 72 P.S. § 7301 et seq., and the New Jersey gross income tax are conceptually similar. Both taxes apply to enumerated categories of gross income with limited deductions allowed, and both are essentially fixed rate taxes. In Morgan v. Commonwealth, 42 Pa.Commw. 557, 400 A. 2d 1384 (Commw.Ct.1979), the court dealt with the precise issue involved here. The taxpayers claimed that margin interest and other investment expenses were deductible as business expenses on their Pennsylvania personal income tax return. The court *113 concluded that the management of one’s investments is not the operation of a business. The word “business” is defined in the Pennsylvania tax law as, among other things, an activity or profession when engaged in as a commercial enterprise. In the court’s view, the term “commercial enterprise” entails “the rendering of goods or services to others in a market place.” The court concluded that petitioners’ personal money management was not the rendering of services to anyone and was therefore not a commercial enterprise.
The court in the Morgan case further noted that the taxpayers’ interpretation would render the interest and dividend provisions of the statute meaningless since, in every case, the average investor would claim that he, too, was engaged in a trade or business and was therefore entitled to deduct his investment expenses against his interest and dividend income.[3]
Precisely the same result would occur under the New Jersey Gross Income Tax if plaintiffs were to prevail here. Every investor would claim a deduction for investment expenses, with the result that the statutory provisions mandating the taxation of gross interest and dividend income, not net interest or net dividends, N.J.S.A. 54A:5-l(e) and (f), would be rendered meaningless. Statutes are to be read in a manner to give effect to their clear words and provisions. Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 68, 389 A.2d 465 (1978); Raybestos-Manhattan, Inc. v. Glaser, 144 N.J.Super. 152, 167, 365 A.2d 1 (Ch.Div.1976) aff’d 156 N.J.Super. 513, 384 A.2d 176 (App.Div.1978).
This discussion also disposes of plaintiffs’ second contention. The Pennsylvania court in Morgan held that §§ 303(a)(5) and 303(a)(6) tax gross dividends and interest, respectively:
*114 Petitioner appears to contend that even if his income from dividends and interest is properly reportable under Sections 303(a)(5) and 303(a)(6), he may nevertheless deduct his expenses and costs. We reject this contention. Of the eight classes of income enumerated in Section 303(a), four are expressly “net” taxable, subsections (2), (3), (4) and (8). Had the legislative intent been to make income from dividends and interest, subsections (5) and (6), “net” taxable, certainly the General Assembly could have so provided in equally express terms. [400 A.2d at 1387]
To the same effect is the succinct statement in Sorenson v. Taxation Div. Director, 2 N.J.Tax 470, 476 (Tax Ct. 1981), that “New Jersey’s tax ... is on gross income, reduced only by certain limited deductions and credits.” (Emphasis supplied) Specifically, the New Jersey Gross Income Tax Act has no section comparable to that in the Internal Revenue Code allowing a deduction for expenses incurred in the production or collection of income.[4] Defendant has consistently taken the position that expenses incurred in earning interest and dividends are not deductible. He has said:
The New Jersey Gross Income Tax Act does not provide a deduction for interest expense. Taxpayer has a stock portfolio that earned $10,000 in dividends during the taxable year. Taxpayer also incurred $9,000 in margin interest costs for the securities carried in the portfolio.
The $10,000 dividend credited to the taxpayer’s account is income subject to tax. The $9,000 margin interest is not allowable as a deduction against the dividend received. [N.J.SL Tax Nows, July-August 1979, 84; CCH N.J. State Tax Rep., 1 15-425.60]
In addition, the contention of taxpayers in this regard, that it is “not fair” to tax certain kinds of income without permitting a deduction for costs used to produce such income, is without merit by virtue of the Legislature’s broad power over taxation. The Supreme Court of the United States has stated that “the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation.” Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973). The Legisla *115 ture’s choice to tax gross income does not result in any impermissible discrimination.
The court concludes: (1) the buying and selling of securities for one’s own account and the collecting of dividends and interest from such securities do not constitute engaging in a trade or business under the New Jersey Gross Income Tax Act, and (2) expenses and costs, specifically interest charged in a margin account used in connection with the purchase of securities, cannot be deducted from interest and dividend income under N.J.S.A. 54A:5-l(e) and (f) which tax gross interest and gross dividends.
The Clerk of the Tax Court will enter a judgment dismissing the complaint.

The Higgins case was decided under the Revenue Act of 1932. That act contained no deduction similar to the present § 212 permitting a deduction for, among other things, expenses “incurred in the production or collection of income.” Prompted by the Supreme Court’s decision in Higgins, Congress, in the Revenue Act of 1942, added a section permitting the deduction of expenses incurred in the production of income. See Whipple v. Commissioner, 373 U.S. 193, 200, 83 S.Ct. 1168, 1172, 10 L.Ed.2d 288 (1963).

Eugene Higgins, 39 B.T.A. 1005 (1939), and Higgins v. Commissioner, 111 F.2d 795 (2 Cir. 1940).

The Pennsylvania personal income tax includes as classes of income subject to tax “dividends” and “interest derived from obligations which are not statutorily free from state or local taxation....” 72 P.S. § 7303(a)(5) and (6).

Section 212 of the Internal Revenue Code refers to expenses for the production of income and provides: “In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
(1) for the production or collection of income....”