**Ralph E. PURVIS and Patricia Lee Purvis, his wife, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 74–3177.

United States Court of Appeals, Ninth Circuit.

Feb. 23, 1976.

---

Ralph E. and Patricia Lee Purvis in pro. per.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Michael L. Paup, Philip I. Brennan, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

## OPINION

Before WRIGHT and GOODWIN, Circuit Judges, and McGOVERN,* District Judge.

PER CURIAM:

Petitioner appeals a Tax Court decision [reported at 33 T.C.M. 164 (1974)] which found that since his activities during the taxable years 1963–68 did not constitute the "carrying on of a trade or business", he was not entitled to carry over operating losses under section 172 of the Internal Revenue Code of 1954 [26 U.S.C. § 172] or to deduct lobbying expenses pursuant to § 162(e) [26 U.S.C. § 162(e)]. We affirm.

The facts of this appeal are not in dispute. Petitioner contends that they would support a finding that he was a trader of securities. Respondent argues that petitioner was merely an investor. Both parties recognize that if petitioner's activities classify him as an investor rather than a trader, he does not meet the "trade or business" requirement of § 172(d) for loss carry-overs.

Neither the Internal Revenue Code nor the regulations define "trade or business." The leading case which distinguishes between trading and investing is *Higgins v. Commissioner,* 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783 (1941). There, a taxpayer who resided abroad maintained an office in the United States to handle bookkeeping and other details of his security transactions. Taxpayer directed these activities from abroad. He sought primarily permanent investments but did make certain changes in his portfolio. After stating that the determination of whether the taxpayer's activities constitute "carrying on a business" requires a case by case factual analysis, the Court said:

The petitioner merely kept records and collected interest and dividends from his securities, through managerial attention for his investments. No

---

* Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

matter how large the estate or how continuous or extended the work required may be, such facts are not sufficient as a matter of law to permit the courts to reverse . . . .

*Higgins v. Commissioner, supra* at 218, 61 S.Ct. at 478, 85 L.Ed. at 788. More recently the Court, citing *Higgins,* said "investing is not a trade or business." *Whipple v. Commissioner,* 373 U.S. 193, 202, 83 S.Ct. 1168, 1174, 10 L.Ed.2d 288, 294 (1963). *See also Wilson v. United States,* 376 F.2d 280, 293, 179 Ct.Cl. 725 (1967).

■ The Tax Court in attempting to distinguish investing from trading has said:

[I]n the former, securities are purchased to be held for capital appreciation and income, usually without regard to short-term developments that would influence the price of securities on the daily market. In a trading account, securities are bought and sold with reasonable frequency in an endeavor to catch the swings in the daily market movements and profit thereby on a short term basis.

*Chiang Hsiao Liang,* 23 T.C. 1040, 1043 (1955). *See Edward A. Neuman de Vegvar,* 28 T.C. 1055 (1957).

■ We agree with the test set forth above and the Tax Court's conclusion that petitioner did not qualify as a trader. It properly examined the frequency, extent, and regularity of petitioner's securities transactions as well as his intent to derive profit from relatively short-term turnovers.

From 1963 to 1968 petitioner engaged in only 75 sales of securities and ten short-term commodities sales. Of these, 31 involved stock which had been held for more than six months. A substantial number involved shares which petitioner admits were held as investments, or which were held for periods exceeding three years, indicating that they were investments.

Petitioner testified that he traveled to Canada once a month to investigate Canadian mining stocks. The record indicates that these trips were in conjunction with service on the board of directors of the mining companies, thus negativing the relationship between his travel and the status of trader.

Petitioner also testified that he visited brokers in Seattle to observe the market on the average of three or four days a week. However, petitioner does not claim that he had sufficient interest in stocks in American corporations to constitute being a trader in these shares. His trips to Seattle, therefore, cannot support his contention that he was engaged in the trade or business of being a trader in Canadian mining stocks.

Finally, we note that petitioner listed his occupation as attorney on the tax returns for the years 1963 to 1968. In addition, he filed a Schedule C, Profit (or loss) from Business or Profession, in each of these years in connection with his practice of law and in some years in connection with oil operations. He never filed a Schedule C with respect to any business of trading in securities. Nor did he maintain a separate bank account, office or personnel to assist him with these activities.

On the basis of this record, we agree with the Tax Court that petitioner was merely an investor. His activities in connection with the purchase and sale of stock do not rise to the level of a "trade or business."

Petitioner also contends that he was entitled to deduct expenses incurred in direct connection with his attempt to have certain legislation repealed by Congress. Section 162(e) of the Internal Revenue Code of 1954 [26 U.S.C. § 162(e)] allows such deductions if they are incurred in "carrying on a trade or business." As petitioner was not so engaged, he was not entitled to these deductions.

Affirmed.