E. MAURAN BEALS and JULIA O. BEALS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beals v. Commissioner
Docket No. 16748-82.
United States Tax Court
T.C. Memo 1987-171; 1987 Tax Ct. Memo LEXIS 167; 53 T.C.M. (CCH) 492; T.C.M. (RIA) 87171; March 30, 1987. *167 P devoted his full time to the management of the extensive investments owned by him and his family. He treated the dividends received by him as earned income subject to the maximum tax provided by sec. 1348, I.R.C. 1954. Held, the management of investments is not a trade or business for such purposes. Edward DeFranceschi and Joan Apkin, for the petitioners. C. Ellen Pilsecker, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes as follows: Year
Deficiency
1978
$54,013.08
1979
107,316.30
1980
93,392.11
After concessions, the issue remaining for decision is whether the management by the petitioner E. Mauran Beals of the investments owned by him and his family constituted a trade or business for purposes of the maximum tax provided by section 1348 of the Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, E. Mauran and Julia O. Beals, husband and wife, resided in Brookline, Massachusetts, at the time the petition was filed *169 in this case. They filed their joint Federal income tax returns for 1978, 1979, and 1980 with the Internal Revenue Service Center, Andover, Massachusetts. Mr. Beals will sometimes be referred to as the petitioner. The petitioner began his work career in 1925 as a messenger for a Boston member of the New York Stock Exchange. By 1929, he had become a salesman, and he was also investing on his own account. In 1938, Mr. Beals and others formed their own stock brokerage firm, known as Hunnewell and Company, and he continued in that firm until 1950. In 1950, the firm was dissolved, and the business was sold. Thereafter, Mr. Beals continued to operate under the name of Hunnewell and Company. During the years at issue, the petitioner managed the investments owned by him, by his wife, and by three of his children. He sought to acquire undervalued securities. Before purchasing a security, he made a careful investigation of the company; for example, he learned about the machinery for making milk cartons, and before investing, he went to Detroit, interviewed the management, and observed the machinery in operation. He had significant holdings in a wide variety of businesses. He was *170 the largest shareholder in Panhandle Eastern Pipeline Company. He followed closely the management and performance of the companies in which he held stock. The petitioner was not compensated by his family for managing their accounts. He sent Forms 1099 to the members of his family using the name of Hunnewell and Company. The petitioners' Federal income tax return for 1977 was examined by the IRS, and in a 30-day letter issued in 1980, the IRS took the position that the petitioner's investment activities constituted the carrying on of a trade or business and that he was liable for the self-employment tax on the income from such business. The petitioners did not dispute that determination. On their original Federal income tax return for 1978, the petitioners' reported income consisted of interest, dividends, and a short-term capital loss; they reported no income from a trade or business. However, after receiving the 30-day letter with respect to their return for 1977, the petitioners filed an amended return for 1978 on which they treated the amount of their dividends as "personal service income" for purposes of section 1348 and as self-employment income. They claimed that the *171 personal service income was subject to the maximum tax provided by section 1348, and they paid the self-employment tax on such income. On their Federal income tax returns for 1979 and 1980, the petitioners treated their dividends as personal service income for purposes of section 1348 and as self-employment income and paid the self-employment tax. In his notice of deficiency issued for 1978, 1979, and 1980, the Commissioner determined that the petitioner was not engaged in a trade or business and did not receive personal service income or self-employment income. He also made other adjustments, but those adjustments have been settled. OPINION The only issue for our decision is whether the petitioner was engaged in a trade or business for purposes of the maximum tax provided by section 1348. That section provided a maximum tax on personal service income, and personal service income was defined to include earned income within the meaning of section 911(b). [2]Kampel v. Commissioner,72 T.C. 827, 830-831 (1979), affd. 634 F.2d 708 (2d Cir. 1980).
*172 Section 911(b) provided in pertinent part: In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, * * * a reasonable allowance as compensation for the personal services rendered by the taxpayer * * * shall be considered as earned income. [Emphasis supplied.] In addition, section 1.1348-3(a)(1)(D), Income Tax Regs., provided that the term "earned income" does not include such income as dividends, other distributions of corporate earnings and profits, or capital gains. The Commissioner now maintains that the petitioner was not engaged in any trade or business from which he derived earned income during the years at issue. The Commissioner admits that the position taken by him in the 30-day letter for 1977 was in error. The petitioner argues that his investment activities did constitute the carrying on of a trade or business. He contends that his experience and lifelong employment *173 in the investment field distinguish his case from those of Higgins v. Commissioner,312 U.S. 212 (1941), and Whipple v. Commissioner,373 U.S. 193 (1963). The term "trade or business" is not defined in the Code. Commissioner v. Groetzinger,    U.S.    ( Feb. 24, 1987, 87-1 USTC par. 9191 at p. 87,284, 59 AFTR 2d 87-534). Determining whether a taxpayer is carrying on a trade or business requires an examination of all the facts of each case. Commissioner v. Groetzinger,supra, 87-1 USTC at p. 87,287, 59 AFTR 2d 87-537; Ditunno v. Commissioner,80 T.C. 362, 366-367 (1983). Higgins v. Commissioner,supra, held that an investor was not engaged in a trade or business. The Court explained: The petitioner merely kept records and collected interest and dividends from his securities, through managerial attention for his investments. No matter how large the estate or how continuous or extended the work required may be, such facts are not sufficient as a matter of law to permit *174 * * * [a finding that the taxpayer was carrying on a trade or business]. [312 U.S. at 218.] In Whipple v. Commissioner,supra, the Supreme Court again held that an investor was not engaged in a trade or business. The Court said: Devoting one's time and energies to the affairs of a corporation is not of itself, and without more, a trade or business of the person so engaged. * * * When the only return is that of an investor, the taxpayer has not satisfied his burden of demonstrating that he is engaged in a trade or business since investing is not a trade or business and the return to the taxpayer * * * legally arises not from his own trade or business but from that of the corporation. * * * [373 U.S. at 202.] On the other hand, the Court has recognized that a full-time trader of securities may be in a trade or business. Snyder v. Commissioner,295 U.S. 134, 139 (1935). In Liang v. Commissioner,23 T.C. 1040 (1955), we had to distinguish between an investor and a trader; we observed: *175 The distinction between an investment account and a trading account is that in the former, securities are purchased to be held for capital appreciation and income, usually without regard to short-term developments that would influence the price of the securities on the daily market. In a trading account, securities are bought and sold with reasonable frequency in an endeavor to catch the swings in the daily market movements and profit thereby on a short-term basis. [23 T.C. at 1043.] The taxpayer's agent "never acquired any hedges; never made short sales; and never purchased any 'puts' or 'calls'." 23 T.C. at 1044. We held that the primary objective of the activity in question "was that of an investment account established to provide a reliable source of income." 23 T.C. at 1045. More recently, in Purvis v. Commissioner,530 F.2d 1332 (9th Cir. 1976), affg. a Memorandum Opinion of this Court, the Court of Appeals for the Ninth Circuit applied the test of Liang v. Commissioner,supra, and concluded that the taxpayer was investing, not trading. The court noted: From 1963 to 1968 petitioner *176 engaged in only 75 sales of securities and ten short-term commodities sales. Of these, 31 involved stock which had been held for more than six months. A substantial number involved shares which petitioner admits were held as investments, or which were held for periods exceeding three years, indicating that they were investments. [530 F.2d at 1334.] In Commissioner v. Groetzinger,supra, the Supreme Court recently had occasion to review the cases relating to the definition of the term "trade or business." The Court mentioned that the term appears in over 800 provisions of the Code. After reviewing the cases, the Court summarized its conclusions, including: (2) that * * * expenses incident to caring for one's own investments, even though that endeavor is full-time, are not deductible as paid or incurred in carrying on a trade or business * * *; (3) that the opposite conclusion may follow for an active trader * * * [87-1 USTC par. 9191 at p. 87,286; 59 AFTR 2d at 87-535.] Mr. Groetzinger was a full-time gambler, and the Court held *177 that his activity constituted a business. The Court observed that in reaching that conclusion, "We do not overrule or cut back on the Court's holding in Higgins." 87-1 USTC at 87,287; 59 AFTR 2d at 87-537. In the case before us, the petitioner makes no claim that he was a trader, and the evidence does not reveal any pattern of trading: his investments changed very little from year to year, and he reported only small capital transactions each year. To support his position, he relies on his investment activities. It appears that the petitioner was not a mere passive investor; he actively investigated and followed the investments made by him and his family. Nevertheless, it is well settled that the management of investments, despite the extent and scope of such activities, is not a trade or business for tax purposes. Whipple v. Commissioner,supra; Higgins v. Commissioner,supra.Consequently, we hold that the petitioner was not engaged in a trade or business during the years at issue. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. Sec. 1348 was repealed for taxable years beginning after Dec. 31, 1981. Economic Recovery Tax Act of 1981, Pub. L. No. 97-34, sec. 101(c)(1), 95 Stat. 183. Sec. 911(b) was redesignated sec. 911(d)(2)(A)↩ for taxable years beginning after Dec. 31, 1981. Economic Recovery Tax Act of 1981, Pub. L. No. 97-34, sec. 111(a), 95 Stat. 190.