T.C. Summary Opinion 2006-116


UNITED STATES TAX COURT


PETER K. CHOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19059-03S.          Filed July 24, 2006.


Peter K. Chow, pro se.

<u>Bradley C. Plovan</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $25,964, an addition to tax of $5,562.22 pursuant to section 6651(a)(1), an addition to tax of $3,090.12 pursuant to section 6651(a)(2), and an addition to tax of $1,322.13 pursuant to section 6654(a) for the taxable year 2000.

After a concession[1] by respondent, the issues for decision are: (1) Whether petitioner was engaged in the trade or business of trading securities; (2) whether petitioner may deduct for taxable year 2000 a net operating loss (NOL) which purportedly arose in taxable year 1999; (3) whether petitioner may exclude any portion of his disability benefits from income for taxable year 2000; and (4) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and 6654(a) for taxable year 2000.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. On the date the petition was filed in this case, petitioner resided in North Potomac, Maryland.

---

[1]In the notice of deficiency, as previously stated, respondent determined petitioner was liable for an addition to tax in the amount of $3,090.12 pursuant to sec. 6651(a)(2). However, at trial, respondent conceded that petitioner was not liable for the addition to tax under sec. 6651(a)(2).

Until 1994, when he was placed on short-term disability, the petitioner was employed as an insurance agent for Metropolitan Life and Affiliated Companies, Inc. (Met Life). Petitioner--who holds an M.B.A. degree--was previously employed by Met Life as a systems analyst and a financial planner. Petitioner also has been employed as an investment broker and is a registered investment advisor.

Petitioner suffers from serious medical conditions and physical impairments. Petitioner was placed on short-term disability in 1994, whereupon he was periodically examined for 2 years before he was placed on long-term disability. He has remained on long-term disability continuously since 1996.

Petitioner failed to file a tax return for 2000. Respondent prepared a substitute return and determined petitioner's income tax liability and accordingly, an amount in deficiency, based on income as reported by third-party payers. Petitioner did not make any estimated income tax payments for 2000.

At a partial trial on June 1, 2004, petitioner appeared before this Court, and--for the first time--delivered to respondent a completed Federal income tax return for 2000. Upon discovering that respondent had not reviewed the material contained in petitioner's return, this Court retained jurisdiction, issuing an order for both parties to submit written status reports. However, before petitioner offered his completed

return, this Court heard testimony regarding the nature of the disability benefits paid to petitioner by Met Life in 2000. In sum, although he did not raise the issue in his underlying petition, petitioner argued that because he paid one-sixth of the premiums for his disability insurance policy from his after-tax income, the amount attributable to his contribution should not be included in his gross income.

Following the partial trial, and after reviewing petitioner's submitted return, respondent concluded that petitioner had improperly deducted expenses arising from his buying and selling of stock futures contracts. Respondent also concluded that petitioner had improperly excluded from income one-sixth of his disability benefits without a proper basis for doing so and impermissibly carried over a net operating loss from his 1999 taxable year.

Included among the stipulated exhibits for this case is a copy of petitioner's Form 1040, U.S. Individual Income Tax Return, for the 2000 taxable year that petitioner supplied to respondent on June 1, 2004. On the Form 1040, petitioner reported $82,862 in wages, salaries, and tips; a business loss on Schedule C, Profit or Loss From Business, of $13,627; a capital loss on Schedule D, Capital Gains and Losses, of $3,000; pensions and annuities totaling $3,696; and total Social Security benefits (line 20a) of $15,810, with taxable Social Security benefits

(line 20b) of $13,439. In addition, petitioner reported a loss of $13,131 as an adjustment to long-term disability income. Of the $82,862 reported in wages, salaries, and tips: Met Life reported to respondent wage income totaling $78,950; pension income was reported by the Social Security Administration as $15,810; $9,195 was reported as income from interest and dividends; and $216 was reported by Putnam Investments as an early IRA distribution.

Further trial of this case was held on May 9, 2005. Petitioner argued that he was engaged in the trade or business of short-term trading of stock futures contracts during 2000. Petitioner deducted both his business expenses from the gross receipts of his investment transactions, and a capital loss arising from these activities. Petitioner also claimed a carry over of a net operating loss from 1999 to his 2000 taxable year.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In

certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted'".[2] Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to the issue in the present case.

1. Was Petitioner Engaged in a Trade or Business?

The term "trade or business" is not defined by the Internal Revenue Code. Commissioner v. Groetzinger, 480 U.S. 23, 27 (1987); Estate of Yaeger v. Commissioner, 889 F.2d 29, 33 (2d

---

[2]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer. See Bernardo v. Commissioner, T.C. Memo. 2004-199.

Cir. 1989), affg. 92 T.C. 180 (1989).  The determination of whether petitioner's securities activities during the year in issue constituted a trade or business is a question of fact. Higgins v. Commissioner, 312 U.S. 212, 217 (1941); Estate of Yaeger v. Commissioner, supra at 33; Paoli v. Commissioner, T.C. Memo. 1991-351.

"In determining whether a taxpayer in a securities activity is engaged in a trade or business, courts have distinguished between 'traders', who are in a trade or business, and 'investors', who are not."  Mayer v. Commissioner, T.C. Memo. 1994-209 (and the cases cited therein.)  Managing security investments, no matter what the extent or scope of such activity, is seen as the work of a mere investor, "not the trade or business of a trader."  Estate of Yaeger v. Commissioner, supra at 34; see also Whipple v. Commissioner, 373 U.S. 193, 202 (1963); Higgins v. Commissioner, supra at 217; Paoli v. Commissioner, supra; Beals v. Commissioner, T.C. Memo. 1987-171. The outcome is the same notwithstanding the amount of time the individual devotes to the activity.  Even "full-time market activity in managing and preserving one's own estate is not embraced within the phrase 'carrying on a business' and * * * salaries and other expenses incident to the operation are not deductible as having been paid or incurred in a trade or business."  Commissioner v. Groetzinger, supra at 30.  However,

under certain circumstances, an investor's expenses may be deductible pursuant to section 212 if incurred in the production of income.  Sec. 212; Whipple v. Commissioner, supra at 200; United States v. Gilmore, 372 U.S. 39, 45 (1963).  Petitioner has not argued this point in the alternative.

To determine whether a taxpayer who manages his own investments is a trader, we consider the following nonexclusive factors: (1) The taxpayer's intent; (2) the nature of the income to be derived from the activity; and (3) the frequency, extent, and regularity of the taxpayer's securities transactions.  Moller v. United States, 721 F.2d 810, 813 (Fed. Cir. 1983).  Therefore, as stated in Mayer v. Commissioner, T.C. Memo. 1994-209:

> A taxpayer's activities constitute the trade or business of trading only where both of the following are true:
>
> (1) The taxpayer's trading is substantial.  King v. Commissioner, 89 T.C. 445, 458-459 (1987); Paoli v. Commissioner, supra; Walker v. Commissioner, T.C. Memo. 1990-609.  In this regard, sporadic trading will not constitute a trade or business.  Commissioner v. Groetzinger, supra at 35; Paoli v. Commissioner, supra.
>
> (2) The taxpayer seeks to catch the swings in the daily market movements, and to profit from these short-term changes, Moller v. United States, supra at 813; Purvis v. Commissioner, 530 F.2d 1332, 1334 (9th Cir. 1976), affg. T.C. Memo. 1974-164; Liang v. Commissioner, 23 T.C. 1040, 1043 (1955); Walker v. Commissioner, supra, rather than to profit from the long-term holding of investments, Estate of Yaeger v. Commissioner, supra at 33; Paoli v. Commissioner, supra.  In connection with this, courts look at whether the taxpayer's securities income is principally derived from the frequent sale of securities rather than from dividends, interest, or long-term appreciation.  Moller v. United States, supra at 813; Purvis v. Commissioner, supra at 1334;

King v. Commissioner, supra at 458-459; Liang v. Commissioner, supra at 1043.

Petitioner has offered into evidence trading records which substantiate his purchasing and selling of 146 paired purchases and sales of futures contracts during taxable year 2000. It is clear from petitioner's trading records that these activities sought to profit from short-term market swings. However, petitioner's records show trading activities only during the months of April, May, August, and December of 2000. In fact, petitioner's records indicate trading activities on only 20 days during taxable year 2000.

Further, although petitioner testified that he handled his securities investments in a businesslike manner, that fact is irrelevant to our determination of whether he was a trader or a mere investor. See Higgins v. Commissioner, supra at 213; Moller v. United States, supra at 814. In Higgins v. Commissioner, supra at 217, the taxpayer had substantial investments in real estate, stocks, and bonds. He devoted a considerable amount of time to oversight of his investments. Id. He maintained two offices from which he conducted his investment activities. In his New York office, the taxpayer employed an office manager, an assistant, an accountant, and a stenographer/clerk. Higgins v. Commissioner, 39 B.T.A. 1005, 1006 (1939), affd. 111 F.2d 795 (2d Cir. 1940), affd. 312 U.S. 212 (1941). The taxpayer employed an additional employee who worked in the Paris office. Id. Despite

the taxpayer's businesslike conduct of his investment activities, the Supreme Court held that he was a mere investor, and his activity did not constitute a trade or business.  Higgins v. Commissioner, 312 U.S. at 217.

On the basis of the facts and circumstances of the present case, we find that petitioner's trading activities were not regular, continuous, and frequent enough for him to be considered a trader during taxable year 2000.  Therefore, petitioner was an investor, not a trader.  As such, he was not conducting a trade or business.  Commissioner v. Groetzinger, 480 U.S. at 30; Whipple v. Commissioner, supra at 202; King v. Commissioner, 89 T.C. 445, 459 (1987); Paoli v. Commissioner, supra.

2.  Net Operating Loss

Because petitioner is not in a trade or business of trading securities, he is not entitled to any net operating loss of such nonexistent business.

Furthermore, as of the time of trial, respondent had not accepted petitioner's 1999 Form 1040, U.S. Individual Income Tax Return, as a valid return.  Therefore, any carryover losses claimed by petitioner, whether NOL losses or capital carryover losses, have not been proven by petitioner.  Thus, any such losses cannot be deducted by petitioner for taxable year 2000.

3.  Disability Benefits

Included in the stipulated exhibits for this case is literature from Met Life detailing petitioner's long-term disability insurance which provides an explanation of the taxable consequences resulting from the payout of disability benefits. At trial, petitioner testified that he had selected "Option 3"[3] as his long-term disability plan, and asserted that because his monthly contribution (an amount equal to one-sixth) for the premium was deducted from his paycheck 'after taxes' that he should accordingly be entitled to exclude from his gross income that amount attributable to his contribution (one-sixth of the approximately $78,000 paid as disability income by Met Life in 2000).

However, it is clear from the information provided in the Met Life literature that petitioner is misguided in maintaining this position. First, at LTD-2,[4] the brochure describes the taxability of the payouts, stating that "since [the employee] paid for the cost of the LTD coverage on a before tax basis ... the LTD benefits are taxable when you receive them." Then, at LTD-14, the brochure reads:

---

[3]"Option 3" bases long-term disability benefits on 60 percent of the participant's pre-disability income.

[4]"LTD" refers to Met Life's long-term disability policy brochure.

Under present law, disability benefit payments are generally considered as part of gross taxable income for federal income tax purposes. When you are disabled, the Company will <u>not</u> automatically withhold income taxes from your LTD benefits. However, you may arrange with the Company's claim unit to have federal income taxes withheld.

Although petitioner testified that his portion of the premium was paid with 'after tax' dollars, both the brochure detailing the plan and the petitioner's Pay Statement provide no evidentiary corroboration for these claims. Petitioner has failed to provide any evidence illustrating that tax was otherwise withheld from his disability payments in 2000. Accordingly, petitioner is not entitled to exclude from gross income one-sixth of the total amount of disability benefits paid to him in the year at issue.

4. <u>Additions to Tax</u>

    a. <u>Section 6651(a)</u>

Respondent determined an addition to tax as a result of petitioner's failure to file timely his Federal income tax return for the year at issue. Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed for filing, unless petitioner proves that such failure to file was due to reasonable cause, and not willful neglect. Sec. 6651(a)(1); <u>Higbee v. Commissioner</u>, 116 T.C. at 447. Respondent must carry the burden of production with respect to

the addition to tax under section 6651(a)(1).  Sec. 7491(c); Higbee v. Commissioner, supra at 446-447.

To satisfy respondent's burden of production, respondent must come forward with "sufficient evidence indicating that it is appropriate to impose" the addition to tax.  Higbee v. Commissioner, supra at 446.  The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month.  Sec. 6651(a)(1).  An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax.  Id.  The addition to tax is imposed on the net amount due.  Sec. 6651(b).

The addition to tax is applicable unless a taxpayer establishes that the failure to file was due to reasonable cause and not willful neglect.  Sec. 6651(a).  If a taxpayer exercised ordinary business care and prudence and was nonetheless unable to file the return within the date prescribed by law, then reasonable cause exists.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "[W]illful neglect" means a "conscious, intentional failure or reckless indifference."  United States v. Boyle, 469 U.S. 241, 245 (1985).

At trial, petitioner testified that his 2000 income tax return was not filed timely because of both his medical afflictions and his belief that he was being erroneously targeted

by respondent as a tax shelter marketer.  Petitioner also responded that he accepted full responsibility for his failure to timely file his return.  Petitioner also testified that although he hired persons to trade stock futures for him, he did not hire anyone to help prepare his taxes because 'he didn't really know how much of an impact it would have.'

Petitioner's delay in filing a timely tax return is not due to reasonable cause.  Petitioner failed to exercise ordinary care and willfully neglected to file his 2000 Federal tax return timely.  "As a general rule, taxpayers are charged with knowledge of the law."  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).  A taxpayer need not be an expert in tax law to know that tax returns have fixed filing dates.  United States v. Boyle, supra at 251.

Petitioner's 2000 Federal income tax return was due on April 15, 2001.  Petitioner filed his return on June 1, 2004, and offered no rational explanation for his failure to file the return timely.  Petitioner failed to show that he exercised ordinary care and prudence in this case.  Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1).  Respondent is sustained on this issue.

b.  Section 6654(a)

Respondent also determined that petitioner is liable for an addition to tax for the underpayment of estimated tax pursuant to

section 6654(a) for taxable year 2000.  Section 6654(a) provides that in the case of an underpayment of estimated tax by an individual, there shall be added to the tax an amount determined by applying the underpayment rate established under section 6621 to the amount of the underpayment for the period of the underpayment.  Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of the section 6654(a) addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute.  See sec. 6654(a); Niedringhaus v. Commissioner, supra at 222.

The amount of the addition to tax under section 6654(a) stated in the notice of deficiency is based on the return respondent prepared for petitioner before the issuance of the notice of deficiency.  Nothing in the record indicates petitioner made the required amount of estimated tax payments for taxable year 2000.  Petitioner has not shown that he falls within any of the exceptions to the section 6654(a) addition to tax.  See sec. 6654(e); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Accordingly, we conclude petitioner is liable for the addition to tax pursuant to section 6654(a) for taxable year 2000.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing and respondent's concession,

<u>Decision will be entered for respondent, except as to the addition to tax pursuant to section 6651(a)(2)</u>.