NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30100 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00059-RRB-1 |
| v. | |
| PAUL STOCKLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 15, 2017[**]
Anchorage, Alaska

Before: GRABER, CLIFTON, and M. SMITH, Circuit Judges.

Petitioner Paul Stockler pleaded guilty to willfully failing to file federal

income tax returns for tax years 2006, 2008, and 2009. Under the United States

Sentencing Guidelines, the sentencing range for this offense turns in part on the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

amount of the tax loss attributable to Stockler's conduct. *See* U.S.S.G. § 2T1.1(a). Following Stockler's guilty plea, the district court held an evidentiary hearing to determine the relevant tax loss amount. Stockler argued at the hearing that he was entitled to retroactively seek mark-to-market treatment under 26 U.S.C. § 475(f), such that his trading losses could be treated as ordinary losses as opposed to capital losses and would therefore not be subject to the $3,000 deduction cap contained in 26 U.S.C. § 1211(b). The district court found that Stockler was not entitled to retroactive mark-to-market election and calculated his loss amount accordingly. Stockler now appeals the sentence imposed upon him by the district court, arguing that he was entitled to mark-to-market treatment for the purpose of determining the tax loss amount. We hold that the district court did not clearly err in finding that Stockler failed to qualify for mark-to-market treatment. We therefore affirm.

We review the district court's factual findings for clear error. *United States v. Garcia*, 497 F.3d 964, 969 (9th Cir. 2007).

To qualify for mark-to-market election, a taxpayer must be in the business of trading securities. *See* 26 U.S.C. § 475(f)(1)(A). In *Purvis v. Commissioner*, 530 F.2d 1332 (9th Cir. 1976) (per curiam), we summarized the relevant considerations for finding that a taxpayer constitutes a trader of securities as whether "securities are bought and sold with reasonable frequency in an endeavor to catch the swings in the daily market movements and profit thereby on a short term basis." *Id.* at 1334

2

(quoting *Chiang Hsiao Liang v. Comm'r*, 23 T.C. 1040, 1043 (1955)). Internal Revenue Service (IRS) Publication 550 takes a similar approach, stating that, "[t]o be engaged in business as a trader in securities," a taxpayer (1) "must seek to profit from daily market movements in the prices of securities," (2) his "activity must be substantial," and (3) he "must carry on the activity with continuity and regularity." I.R.S. Pub. 550 (2005).

The district court applied the framework set forth in IRS Publication 550 and found, based on evidence presented at the hearing, that Stockler "did not have a business license for [his trading] activity; he did not file a schedule C for a trading business; he held the securities for relatively longer periods of time as compared to professional day traders; he did not produce any income from day trading to provide for a livelihood; he devoted the majority of his time to his law practice and not to day trading; and he held himself out as a lawyer, not a day trader." We considered some of these same factors in *Purvis* to uphold a finding that the taxpayer was not in the business of trading: The taxpayer in that case held himself out as an attorney, failed to file a schedule C with respect to any business of trading, and did not maintain separate bank accounts to assist his trading activities. 530 F.2d at 1334.

Evidence at the hearing additionally showed that in 2005, Stockler traded on only approximately 59% of the open market days. Revenue Agent Peter Orth testified that professional traders ordinarily trade on a greater percentage of market

3

days. Furthermore, while the district court found that Stockler's trading was continuous in 2005, it found that his trading was not continuous in 2006: During that year, Stockler had a period of four-and-a-half months during which he did not engage in any day trading. Finally, Stockler expressly stated at the hearing that he did not consider himself to have a trading business.

In light of the evidence in the record, the district court did not clearly err in finding that Stockler was not in the business of trading securities. Because Stockler was not in the business of trading securities, he was not eligible for mark-to-market treatment under § 475(f). We therefore decline to reach the question whether, had Stockler qualified for mark-to-market treatment, his election of such treatment would have been timely.

AFFIRMED.